Next case on the floor is 513-0572, Schroeder v. Fearzel. Counselor, are you ready to proceed? It doesn't matter which side you sit on. Just don't sit together. They're not in harmony. Well, if you sit together, it would be very short. Okay. Counsel, proceed. Feller, to your right. Okay, please report. My name is William E. Schneider, representing Feller. Gloria is being switched. This is an adverse possession case under the statute 735-513-109, which is the payment of tax. What color is it? The color of the title is 735-513-109. My name is Lori Fisher. I'm being switched. Oh, my step is forward. Formerly Lori Ratcliffe. On or about 9-11-1997, Ms. Switzer and her previous husband Ratcliffe purchased a plot of ground described as 5378 Mount Moriah Road, Harrisburg, Illinois. It's reported in the Sling County Courthouse Warranty Deed. It's reported 8-20-2002. That's the second warranty deed. The first warranty deed was to the married couple, and they got divorced, and then Lori recorded the second deed in her own name. From 1997 until the present, Lori Switzer has lived openly, continuously, adversely on the property in question. She's paid all the real estate taxes on the property since 1997 to present. Mr. Feasel came along. I believe Nathan Feasel claimed the ground. January 28-13 is when the verified complaint from Ms. Switzer was filed. The statute, of course, for payment of taxes with color of title states that every person in actual possession of lands or tenements under claim of title, claiming color of title, made in good faith, and who for seven years, consecutive years, continues in such possession, and also during such time pays all taxes legally assessed on such lands or tenements, shall be held and judged to be the legal owner of such lands or tenements to the extent and according to the purport of his or her paper title. Did they pay the taxes on that portion? Yes, Your Honor. In the record, the deed. Well, the reason why I ask is I thought that the survey showed that actually they were in error thinking that they owned the piece of property in question. So they were not paying taxes on that portion. They were paying taxes on the legal description that did not include that portion. Well, there was testimony by a surveyor, a survey that was taken in, I believe, 2002, that said there was, they only owned part of the driveway. It's a 99-foot long strip driveway that is in dispute. There was no rebuttal of the survey. However, the statute requires only good faith for seven years. But they have to be paying taxes on the piece in question. And counsel, to follow up on that, and have color of title. And have color of title. So if the deed that she got didn't cover that, how did she have color of title? And then aren't you stuck with a straight adverse possession claim and she doesn't have the 20 years? Well, Supreme Court. Has explained that. Color of title means the party claiming adverse possession has a document which appears to invest title in that person. For example, a deed purporting to convey title pursuant to a court decree would provide the grantee color of title, even though the decree may be erroneous or even void for warrant of jurisdiction. But that deed described property that's not an issue in this lawsuit. So it didn't convey the 99 feet that you're talking about. According to the survey that was unrebutted. But the survey wasn't. No, there's never. There had not been. They had seven years in which to challenge the. Adverse possession claim. She bought the place in 97 there for 15 years. The survey was done in 2002. But no one filed any claim in the Jackman. She's trying to get another 20 20 year statute. Could be applied. That's the question. Well, Your Honor, I believe the Supreme Court says. That the. Yeah. Here's what it says in the. Robert versus joy. Your Honor. Play this brought to quiet title. Part of the 14 foot wide strip adjacent east line of the residential lot by claiming title under the 20 year statute. I know that there's. Supreme Court has stated that a party. The essence of the doctrine of adverse possession is the holding of the land adversely to the true title. A party claiming by adverse possession always claims in derogation of the right of the real owner. He admits legal titles in another. He rests his claim. Not on entitled to himself as a true owner, but only. Upon holding adversely to the true owner for the period prescribed by the statute of limitations. Hold it because the possessor knows or should know that record title is in another precludes any possibility of the possessor's title to be adverse. The antithesis of the doctrine of adverse possession. As it has existed in this state. Title. The possessor's good faith in claiming title is, of course, required by statutory provisions relating to possession for seven years under color of title. Is not relevant under the 20 year doc. This. Switcher. Walk the place in 1997. She was never. There was never any dispute about it until 15 years later. Color. Description. In the seven year statute. And then the. There's no evidence in this case to show that. Ms. Switcher did not have good faith. A good faith belief. Real estate agent. Took her out to the place. Pointed out. Readily discernible marker, which was. A concrete post. Was that a section line? I don't know. This. I have trouble with. Spatial thing. I can't keep track of where I am. Most of the time I get lost in buildings. But. The. The case law says you have to have a readily discernible. The. Neighbor also. Stated that. Property had been. That had been the. The boundary for. All the years that he was there. The. Statute says. Every person. Actual possession of land. Under claim. Color of title. Made in good faith. And who for seven consecutive years. Continues in such possession. And also during such time. Pays all taxes. Legally assessed on the lines and tenements. Can be held. The judge to be the legal owner. Of such lands and tenements. To the extent. And according to the purport. Is there a paper title? All persons holding. Under such possession. By purchase legacy or descent. Before such seven years have expired. You continue such possession. And continue to pay the taxes. Is set forth. So as to complete the possession. And payment of taxes for the term. Both set forth are entitled. To the benefit of this section. The. A person. Who. Is not. You have to occupy the land. For either statute. It has to be occupied for the. The number of years. The. Defendant. He's old. And not occupied the land. But for a very short time. Before the. I never actually. Because. The switcher. Occupied the land. As far as paying the taxes. Ms. Which are. Paying the tax bills. That were. Submitted to her. By the. So we can count the treasure. That were assessed against. The. Parcel of ground. That she claimed. According to the. Scene that marker. Which is a readily. Discernible. Mark. The. Was. The whole track survey. Determined. There's 24 acres. I think. Just that. Says 24. More or less. Exactly. What it says. When. It's. Described. As. 50. 5370. Mount. Mariah. Prior. To the. Purchase. We're. Which is.  Or.    Pot. It's going to be. Subdivided. On. The. Undeveloped. Land. And. The. The. The. The. Undeveloped. Land. He pointed to the. Concrete marker. Directly adjacent. From where. We were standing and told us. We'd be purchasing. The portion of land. And the concrete marker. Would be our. Boundary down the east. West. Boundary line. Of property. So, they, they bought the. Property. It. Survey. Was done. In 2002. A metal rod. Was put somewhere. I can't really. According to. The. Surveyor. The. Dean. Filed in book 15 and 62.        Land. Is. The land. Is. The land. Is. The land. Is. The land. Is. The land. Is. The land. And I can.    How long ago.  Only the West. What do you know. Esports and the. Section thirty five. Four years. Two 18. They are one. In the. The. Both. Parties are playing. An exact. Thank you for that. This. Garen. Service. The dean. You handed. From. A. From. Hankins to. Feasel. Book. Twenty. Twenty. Eight. It says. The same thing. Ninety. Nine. Feet. Of property. Is in dispute. To the West. Of the survey. Line. It. In. The seventh. Versus then. You 40. To. The. Third discharge. Nine. Three. The pill apartment. 175. OSC. Johnson. Is 10. Nine. The taxes. The 1. Control trip with the! Only applies. Hey, Texas under title. For seven years and are in actual possession. Property. The defendant did not. Communication. 1987. Possession for the record. Seven years. Same. As Mr. Feasel. Actual possession. No one in his chain of title. Even when the survey came out. 2002. No one. Claimed. Any of this ground. She bought it in 97. 2002. Eight years. So even if they had. It had been past the seven years. No one. Until. Data. She was there for 15 years. You know, I had to be there for seven years. Undercover. Supreme court. I said. Joiner case. No, we're. More satisfactory. Defendant claim title. And it's continued exercise. Ownership over property. This was a 20 year case. The. Controlling property. Ordinary. Asserting. Title. And. The only group. Of what you claim. Very large. Proportion of property is susceptible. Converses. They go there. Thank you. Good morning, your honors. Council. I believe council for the pellet mistakes. The law of adverse possession under color of title. There are two statutes that. Cover adverse possession. Title one is 735. Yes. Five. That's such 13 dash 107. Where you have can have adverse possession. With seven years record title. Under that statute, it supposes that. The. Person that is trying to adverse possess. The brown in question. Would have some kind of record title. I'll be it. Maybe they shouldn't have that record title. But. They do have work for title. And that would be included in their deed. The other way to. Adverse possess. Is 735 miles. Yes. Five. 13109, which is payment of taxes with color title. What color title means to my understanding is. You have something that purports to give you title. Or you should have had title, but maybe. It was a mistake. Do not have time. Your title is not clear. But. To. Succeed under that statute. That you would have to pay taxes on that. Piece of ground for seven years. Was the tax bill in the southwest quarter of the southwest quarter. Section 35. Yes, your honor. So, if the property is within that section, it's color of time. Within that 35. Southwest quarter of the southwest quarter of 35. That's color time. If the 99 foot straight. Yes. So, no, the answer to that question is no. The. The tax bill was for the property. That was described in her deed. Which was the southwest quarter of the southwest quarter. Wasn't it? And the deed say that. I have to look back. The surveyor established that this 99 foot. I'm worried about the D. Let's go to the D. I thought it said the southwest quarter of the southwest quarter. It did, your honor. Okay, so they're paying taxes on the southwest quarter of the southwest quarter. So, if this property is within the southwest quarter of the southwest quarter. It's color time. It would be color time. But this property is in the other section. The other section. And what section is that? 34. And your honor, frankly, we did not put that deed into evidence because after. The. Well, that's not in dispute, is it? No. And it's my understanding it's not in dispute. The evidence showed, and I apologize, but the evidence showed that. We have a 99 foot strip that is in dispute. Is that in that's not in section 35. It is not in section. That is not in the switcher section. It's just 35. It must be 34. Yes. So, she cannot just claim any strip of land and say, I paid taxes on it. Because she's paying taxes on what is included in her deed. There's no. It's 35 and 35. Now, where's the concrete? I thought the concrete marker was the southwest quarter. Of section 35. Yes, it is to the west. Of her. Of the actual survey. Survey. You got me lost now. The concrete marker is west. Oh, I'm sorry to the east. I'm sorry. I did my little diagram. And I apologize. I'm a little thrown off here. Yes, it would be to the east. And she relied on Mr. Woodney, the real estate agent, saying. Telling her that's where the survey line was. But actually. It was not. According to the survey done in 2002. It is actually. Matches up with what is on her deed. And the surveyor indicated that the 99 foot strip in question. Was matched up with Mr. Beasley's deed. For Miss Switzer to be successful on her. Claim of adverse possession title. And she would have had to been paying. Taxes. On the property that's included in Mr. Beasley. My question is. Her driveway. Was it to the east of the concrete marker. Or right on the concrete. Her west side of her driveway. Would that not have been on. Right to the marker. Your honor, I am not sure about the answer to that question. The driveway. Well, she bought everything. She bought the 24 acres. East of the concrete market is my understanding. Is that correct? Yeah. And my confusion is which marker. If the concrete marker is the marker, Mr. Would be pointed out. Or it's the marker that the surveyor. And I guess I wasn't doing. I'm trying to find it. Is that a marker? And I don't know. I don't know if it is. I guess I'm not sure how this makes any difference though. And that's probably why I'm not sure about that. I didn't spend a lot of time on this concrete marker because. Because it's been determined that. She's not paying taxes on. The. Portion that she is considering. Hers under whatever ever claim. Then she can't be. She can't claim it under color of title. Because she doesn't have any deed to that. Disputed property. Is that. Does that sum up what that sums up? That is my argument. Your honor. And actually, I included in my brief. The 20 year statute for illustrative purposes. The point I'm trying to find out. If she paid taxes on section. A property that was in section 35. That's color of title. That would be correct. But if that piece of ground at 99 feet. Was in. A different section. She wouldn't be paying. And I think that's what. So this 99 feet has to be in another. This surveyor. Confirmed in his testimony that the 99 feet is in Mr. Feasel section. Okay. Yes. And so my question is. If she's east of the marker. She's in 35. But if she's west of the marker with the driveway. It's different. So is the market. Is that a proper marker? Is my question. And I'm. And again. And I did not. Review the record. Because there's two different markers. We're talking about. I think there is an older marker. Oh, I didn't know that. And. But that. Is not the boundary line. And I think in the record. It will reflect. And I'm not sure. If they're both concrete markers. And I don't want to say. But there is an older marker. That the. Or I don't even know that it's a marker. There's a concrete marker. That the. Mr. Whitney. Indicated was probably. And that's the real estate agent. That he was incorrect. There are other survey markers. That are the correct. Survey lines. So. I'm getting a little. Well, we'll have to go to the record. I'm sure. And counsel. Do you think that that evidence. Came in. In a plaintiff's case. In chief. In this case. At trial. Which one. Which. At the trial. Okay. Who testified. Regarding these markers. And where they were located. The surveyor did. What the surveyor. Garrett did. Who else did. As I understand. It was kind of a peculiar. Procedure. It was your. Plaintiff. Proceeded with case in chief. Rested. There was a recess. And then the defendant was allowed. To put on one. Witness. The surveyor. Yes. To establish. Where that 99 feet. Was. Yeah. And then you move. For directed. Burden. Which was granted. Yes. I had moved. At the beginning. And then there was some. Or at the close. Of plaintiff's evidence. And then there was some questions. And so. We brought the server in. To. Clarify. That the 99 feet. Was on Mr. Feasel's property. And then I renewed. My motion. But. And my question is. To. To. The plaintiff's witness. In chief. To clarify. The location. Of these markers. And. Whether it was a section. Marker or not. Just watch. Is that a. There. There was testimony. That. There was a. Marker. That was not a section. Marker. That there was a marker. That. Mr. Whitney. The real estate agent. When he sold. The property. Said that. The. Was her. Boundary line. And also. That it lined up. With Mount. Mariah. Road. Also. Which is a road. That. Could have been. Right. Not. Not Mount. Mariah. Road. There's another road. Regal Road. I'm sorry. And again. I apologize. Your honor. I wasn't. Expecting. The marker. That Mr. Whitney. Made reference to. But Mr. The. Rest of this case. Is that she relied on. What Mr. Whitney told her. Which is a mistake. And unfortunately. That does not. Give her color. Title. Because there's nothing in her deed. Showing. That she had. Title. Her deed.  Exactly. With what she paid taxes on. Mr. Feasel's deed. Matched up. With the 99. Footstrip of property. That she had. According to the survey. The survey. Is not in dispute. At one point. I think. In Mr. In the pellets. Three. Says that. Property. Description. Is irrelevant. I believe. That's. Might be on page. 20. I'm doing that. Property. Description. Is irrelevant. Or an adverse. Possession case. And that's just. Incorrect. Because we're talking about. Adverse. Possession. Under color. Title. So. The property. Description. Is very important. And very important. In this case. Because for. Mrs. Switzer. To be. Successful. On her claim. She would have to show. That she paid. Property taxes. On that. 99. Foot portion. Which the survey. Are clearly established. Mr. Feasel. Was in possession. Of her. Property taxes. On his deed. Of course. It may be. It's irrelevant. Under the 20 year. Yeah. And that's. What she doesn't have. The time for. Yeah. I mean. She falls short of. The 20 year. By. I mean. I guess there could be. 15 years. 16 years. That she falls short. Of the 20 year. But I think. Her better claim. Would be under. The 20 year. If she could make that. Make that time. But she didn't. I believe. The trial. Judge. Made a comment. In the record. That you. Can just not. Go. Claim. Any piece of ground.       Also. Are not. You. Are not. You. Are not. You. Are not. You. Are not. You. Are not. You. Are not. You.    Server, please. And what. It's not. Simple. To submit. Task strike. To the court. Are. Peace in. That. She. Definitely. That's included. Say it's. Saying that because she. Think that that's good enough to. The inhaler title statutes. Under the law. It is not the cases that were cited by the appellant. Involve. The 20 year statute or some other fact. Which would allow them to claim color title. In this case, it's just simply not there. And that's all I have. Thank you. Any rebuttal. Thank you. Thank you.    Thank you. Thank you.     Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. The Supreme Court. States. Color of title. Means the party claiming adverse. Possession. As a document. Which appears. To invest. Title. In that person. For example. A deed. Purporting to convey. Title. Pursuant to. A court decree. Would provide. The grantee. Color of title. Even though. The decree. May be erroneous. Or even. Void for one. Of jurisdiction. Old versus. Benton. 1868. 47. Illinois. 396. When the person. Is serving. Adverse possession. Is paid. Real estate tax. For seven years. Under claim. In color. Of title. Made in good faith. The seven year. Limitation applies. Beard versus hand. 28. Illinois. Second. 11. 190. Northeast. Second. 1963. The Supreme Court. Has also. Spoke about. Bonus. Exactly. What color. Of title. Is. I. Think. I've. Ever. Been. This. Disorganized. In. Berguson. Versus. Clause. 1959. Supreme Court.     The claim. Of ownership. That is. Defective. For two years. In color. Of title. Is not. The claim. Of ownership. That is. Necessary. For technical reasons. Nor. Is it. Meant to be something just. Short of. Absolute. Title. Rather. Color of title. Is an instrument. Or a. Record. That in fact. Is not. Conveyed. Title. But appears. To have the effect. Of conveyance. Color. Of title. Then. Need not. Be. An imperfect. Title. Of the sort. It could without. Aider. Ripen. Into. Absolute. Title. Color. Of title. Need. Only. Show. Some. Evidence. Of. Claimed. Ownership. By. The grantee. It need. Only. Be. Some. Semblance. Of title. However. Invalid. May be. The claim. In. Gouverneur. Harden. Versus. Gouverneur. Six. Nine. One. Forty. The court held. That indeed. Regular. Form. But otherwise. Defective. Was sufficient. To constitute. Color. Of title. Equivalent. With approval. The earlier. Decision. Of Dickinson. Be. Breeding. As follows. Current trend. Decisions. Of this court. Is that color. Color. Of title. May be. Good faith. Is shown. By. Any deed. Or instrument. In writing. Which purports. On its face. To convey. Title. Which a party. Is willing. To. And does. Pay. As money. For. Part. For many. Fraud. And pays. All the public. Taxes. And assessed. Upon the land. So convey. Burdensome. The title. In question. Was proven. To have been fraudulent. There was no evidence. That plaintiffs. Had any knowledge. Of the fraudulent. Title. As the parties acted. In good faith. When the title. Was purchased. And paid the taxes. And occupied the land. And paid the taxes. For the seven years. Statutory period. Illinois Supreme Court. Ruled. That the plaintiffs. Acquired title. By virtue of adverse. Possession. Under color. Of title. All right. The statute. Of course. Says. Any action. For. Recovery. Of any land. Or tenements. Or hereditaments. Of which a person. May be. Possessed. By actual. Residents. Thereon. For seven. Successive years. Having a. Connected title. Deductible. Of record. From this state. Or the United States. Or from any public. Officer. Or other person. Authorized. To sell such land. For the nonpayment. Of taxes. Or from any sheriff. Marshal. Or other person. Authorized. To sell such land. For the enforcement. Of a judgment. Or any order. Of any court. Shall be brought. Within seven years. Next. After possession. Is taken. But when. The possessor. Acquires such title. After taking. Such possession. The limitation. Begins to run. From the time. Of acquiring title. The payment. Of taxes. Under color. Of title. 735. 513. 109. Says. Every person. In exact. In actual. Possession. Of lands. Or tenements. Under claim. In color. Of title. Make a good faith. I guess. I've already read that. It's. Somewhere. In the. In the transcript. I know. That the. The surveyor. Said. That part. Of the. 9 feet. Was actually. On. The 24. Acres. And. Part of. It was. We have the record. Your time. Is required. We have the record. Thank you. Thank you. Your excuse. Or. Take the center. Advice. We're going to take a short. Recess.